UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIRBY VACUUM LLC,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00787-KES-EPG<br><br>SCREENING ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(2) NOTIFY THE COURT THAT PLAINTIFF WANTS TO STAND ON THE COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

　　　　Plaintiff Alana Dunn proceeds *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 3). Plaintiff's complaint, filed on June 30, 2025, appears to seek to rescind a contract with Defendant Kirby Vacuum LLC. (ECF No. 1).

　　　　Upon review of the complaint, the Court concludes that Plaintiff fails to state any cognizable claims or demonstrate that this Court has jurisdiction.

　　　　Plaintiff now has two options on how to proceed: (1) Plaintiff may file an amended complaint, if Plaintiff believes that additional facts would state cognizable claims subject to this Court's jurisdiction, which amended complaint the Court will screen in due course; or (2) Plaintiff may file a notice stating that Plaintiff wants to stand on this complaint and have it reviewed by a District Judge, in which case the Court will issue findings and recommendations to

a District Judge consistent with this order.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff names only Defendant Kirby Vacuum LLC.[2] The rest of the complaint mainly consists of a series of general statements.

Plaintiff begins by stating as follows:

> Open argument: An entrepreneur business; misleading practices; involve any action or communication that deceives and creates a false impression for a customer, often in the context of marketing and sales. This can include,

---

[1] For readability, minor alterations, like changing punctuation and altering capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] The caption of the complaint lists "et, al." after this Defendant, suggesting that Plaintiff may intend to sue others; however, Plaintiff does not list other Defendants.

2

      a. false advertising,

      b. deceptive pricing,

      c. misrepresenting product or service details,

      d. false endorsements and testimonials,

      e. bait-and-switch tactics.

(ECF No. 1, pp. 1-2).

    Plaintiff also has a section called "middle argument," which discusses potential consequences for "business[es] that engage in misleading practices," which include "loss of trust," "negative reviews and reputational damage," and "legal action." (*Id.* at 3-4).

    Towards the end of the complaint, Plaintiff provides allegations that appear directed at this particular case:

> I file a complaint misrepresentation damages recover financial losses incurred as a result of the misrepresentation. Act promptly: time limitations.
>
> I Alana Dunn, Plaintiff prepared for potential challenges the Company may resist out efforts to cancel the contract so be prepared to defend your position with evidence and potentially seek legal assistant if necessary.
>
> I Alana Dunn, Plaintiff: By following these steps, I can effectively address the . . . misleading vacuum contract and increase our chances of achieving a favorable outcome. Justice will prevail.

(*Id.* at 7-8).

    Attached to the contract is a letter from "David Goldstein," identified as "Manager, Consumer Relations" for "The Kirby Company." (*Id.* at 9). It states as follows:

Ms. Dunn,

> Per your email dated June 18, 2025, I have attached a copy of the printed release form in order to have your Kirby replaced with the same model.
>
> If you'd like to move forward with that, kindly fill out the release form and have a witness do the same and then take a photo and email it back to me.

(*Id.*).

    Attached to the letter is a "release of all claims" that generally appears to be an agreement to replace Plaintiff's vacuum in exchange for a release of liability and Plaintiff honoring the terms of an unspecified contract related to the vacuum. (*Id.* at 10). The letter has a blank for Plaintiff's signature but is not signed.

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Lack of Short and Plain Statement

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint does not contain a short and plain statement of Plaintiff's claims, as required by this rule. Mostly, the complaint consists of general statements about business practices and legal issues, such as, "when customers feel deceived, they lose trust in the business, which can be difficult to regain" and "misleading practices can lead to lawsuits." (ECF No. 1, pp. 3, 4).

Moreover, even when Plaintiff offers allegations that appear aimed at this case, they do not give fair notice of what Defendant purportedly did wrong. While the Court understands that Plaintiff wants to cancel a "misleading vacuum contract," Plaintiff provides no developed allegations of what the misrepresentation was or the underlying contract at issue.

Thus, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a) and is subject to dismissal on that basis.

#### B. Subject-Matter Jurisdiction

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure

12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case.

First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff alleges no facts to establish that the Court has subject-matter jurisdiction over this action. While unclear, Plaintiff's claim appears to relate to a contractual dispute, which would be a claim under state law—not any Federal cause of action.

In California, rescission of a contract is governed by statute. *See Wong v. Stoler*, 237 Cal.App.4th 1375, 1385 (2015) ("Both the grounds for rescission and the means by which the parties may rescind their contract are governed by statute."). Specifically, California Civil Code § 1689(b)(1) provides that a party to a contract may rescind it in limited circumstances, including if consent to the contract "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689(b)(1).

While subject-matter jurisdiction may also be based on complete diversity of the parties

and an amount in controversy exceeding $75,000, exclusive of interests and costs, Plaintiff has not shown that such jurisdiction is present here. Notably, Plaintiff does not provide the citizenship of any of the parties nor the amount in controversy.[3] Further, if the contract at issue involves a residential vacuum, it appears unlikely that the amount in controversy would exceed $75,000.

Accordingly, the Court does not appear to have subject-matter jurisdiction in this case.

## IV.    CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and concludes that Plaintiff fails to state any cognizable claims and fails to establish that this Court has jurisdiction.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Thus, the Court will provide Plaintiff with thirty days to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law with the required specificity described above. It should also assert facts that establish that this federal court has jurisdiction over Plaintiff's claims. Plaintiff should note that, although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. The amended complaint should be clearly and boldly titled "First Amended Complaint" and refer to the appropriate case number. Additionally, the amended complaint shall not be more than twenty-five pages long including any attached exhibits.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

For the above reasons, IT IS ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a *pro se* civil complaint form.

---

[3] The Court recognizes that the address that Plaintiff provides (as Plaintiff's address) in the complaint is in California. (ECF No. 1, p. 1).

   2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
      a. File a First Amended Complaint; or
      b. File a notice stating that Plaintiff wants to stand on the complaint.
   3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:25-cv-00787-KES-EPG.
   4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **July 15, 2025**                   /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE