UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN,<br><br>              Plaintiff,<br><br>   v.<br><br>KIRBY VACUUM LLC,<br><br>              Defendant. | Case No. 1:25-cv-00787-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT (1) THIS ACTION BE DISMISSED, WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FOR LACK OF SUBJECT-MATTER JURISDICTION AND (2) THAT PLAINTIFF'S SECOND IFP APPLICATION BE DENIED AS UNNECESSARY<br><br>(ECF Nos. 7, 8) |

      Plaintiff Alana Dunn proceeds *pro se* and *in forma pauperis* (IFP) in this civil action. (ECF Nos. 1, 3). Generally, it appears that Plaintiff seeks to rescind a contract with Defendant Kirby Vacuum LLC. (ECF No. 1).

      The Court screened Plaintiff's initial complaint on July 15, 2025, noting that the complaint violated Federal Rule of Civil Procedure 8(a) because it consisted mostly of general statements about business practices and legal issues rather than explaining what Defendant purportedly did wrong. (ECF No. 4, p. 4). Further, the Court noted that, while Plaintiff had some allegations that implicated a desire to rescind a contract with Defendant, Plaintiff failed to show that the Court had subject-matter jurisdiction over any such claim. (*Id.* at 5).

      Three days after the screening order was issued, Plaintiff filed a first amended complaint.

1

1  (ECF No. 5). Noting that it was unclear whether Plaintiff had the benefit of reviewing the
2  direction in the screening order before filing the first amended complaint, the Court issued an
3  order on July 22, 2025, permitting Plaintiff to file a second amended complaint to ensure that
4  Plaintiff had time to review the screening order. (ECF No. 6).

5  On July 25, 2025, Plaintiff filed a document titled "Amend Complaint Screening the
6  Initial Complaint."[1] (ECF No. 7, p. 1). In this filing, Plaintiff refers to "screen order" and says, "I
7  Plaintiff will state my complaint," followed by allegations about this case. (*Id.* at 4). Because all
8  appearances indicate that Plaintiff has reviewed the screening order, the Court construes this
9  filing as Plaintiff's second amended complaint and will screen it.

10  Upon review of Plaintiff's second amended complaint, the Court concludes that Plaintiff
11  fails to state any cognizable claims or demonstrate that this Court has jurisdiction. Accordingly,
12  the Court recommends that this action be dismissed without prejudice and without granting leave
13  to amend.

14  Further, the Court will recommend that Plaintiff's second IFP application, filed on July
15  25, 2025, be denied as unnecessary because Plaintiff has already been granted leave to proceed
16  IFP. (ECF Nos. 3, 8).

**I.   SCREENING REQUIREMENT**

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28
U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may
have been paid, the court shall dismiss the case at any time if the court determines that the action
or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that
the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of
Plaintiff's quotations, without indicating each change.

1  (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting
2  this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are
3  not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,
4  681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's
5  legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

6  Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
7  pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that
8  *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff names only Defendant Kirby Vacuum LLC in the second amended complaint. The complaint opens with general statements about the Court's case management and electronic case files system (CM/ECF), *e.g.*, "Documents filed electronically, including those identified as ECF No. 5, are typically accessible to parties involved in the cases and sometime to the public depending on the Court's rules and the nature of the document." (ECF No. 7, p. 2).

Thereafter, Plaintiff includes the following allegations about this case:

> Dunn vs. solicitation and sale of appliance advertising . . . door-to-door solicitation product was use[d] by other customer sold the product that was broken damages during delivery. Schedule appointment to deliver. 8:00 A.M. first client a full house of product. No other customer would fit the product. The order was complete furniture dinner room living room girl room boy room, this product w[as] made by China. When I complaint to you with all facts and testimony having I Plaintiff do it over but insult me to do my type and file electrical and I have spoken nice to your Clerk that it [is] impossible to do that. Walmart put viruses in computer. Your Clerk [is] aware of my situation. I paid $1,000 for all in one they sold it to customer she want her money back but ruined the computer sold it to me and say it's good. You can do you court paper.[2]

> The complain broken product since day one, dispute since day one. The salesman came back for more money. He keep all my parts, the brush-shampoo, filter, the box, original attachment hose were not in the contract. They sold me each part I need to use in my cleaning was not able to use it correctly. False advertisement, false price. 22.9% rate interest. I ask my bank to reimburse me 4 month. I paid a warrant[y]. I still paid for repair. 420.00 plus 80.00 for the brush.

---

[2] To the extent that Plaintiff believes the Court required the pleadings to be typewritten, as opposed to handwritten, the Court has imposed no such requirement in this case. The recommendation to dismiss the second amended complaint is based solely on the failings identified in these findings and recommendations, not the fact that the second amended complaint was handwritten.

(ECF No. 7, pp. 4-5).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Lack of Short and Plain Statement

As explained above and in the Court's screening order, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of Plaintiff's rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's amended complaint does not contain a short and plain statement of Plaintiff's claims, as required by this Rule. Once again, Plaintiff's includes statements that have no relevance to the claims at issue, *e.g.*, Plaintiff's statements about CM/ECF.

Moreover, even when Plaintiff offers allegations that appear aimed at this case, they do not give fair notice of what Defendant purportedly did wrong. While the Court understands that Plaintiff is unhappy with a product, presumably a vacuum manufactured and/or sold by Defendant, the complaint provides little other information. Most notably, although Plaintiff appears to claim that a salesman kept parts that "were not in the contract," Plaintiff provides no developed allegations of what wrongdoing occurred or the underlying contract at issue

Thus, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a) and is subject to dismissal on that basis.

#### B. Subject-Matter Jurisdiction

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case.

First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Although the Court explained the necessity of establishing subject-matter jurisdiction in the screening order, the second amended complaint alleges no facts to establish that the Court has subject-matter jurisdiction over this action. While unclear, Plaintiff's claim appears to relate to a contractual dispute, which would be a claim under state law—not any Federal cause of action.

Specifically, to the extent that Plaintiff desires to rescind a contract regarding the purchase of a vacuum, in California, rescission is governed by statute. *See Wong v. Stoler*, 237 Cal.App.4th 1375, 1385 (2015) ("Both the grounds for rescission and the means by which the parties may rescind their contract are governed by statute."). California Civil Code § 1689(b)(1) provides that a party to a contract may rescind it in limited circumstances, including if consent to the contract "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised

by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689(b)(1).

While subject-matter jurisdiction may also be based on complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interests and costs, Plaintiff has not shown that such jurisdiction is present here. Notably, Plaintiff does not provide the citizenship of any of the parties nor the amount in controversy.[3] Further, if the contract at issue involves a residential vacuum, it appears unlikely that the amount in controversy would exceed $75,000. Supporting this conclusion are the amounts mentioned in the second amended complaint, $420.00 for repairs and $80 for a brush.

Accordingly, Plaintiff fails to show that the Court has subject-matter jurisdiction in this case.

### IV.   CONCLUSION AND RECOMMENDATIONS

The Court recommends dismissing this action without granting further leave to amend. Leave for a party to amend a complaint under Rule 15(a) of the Federal Rules of Civil Procedure "shall be freely given when justice so requires . . . and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation and internal quotation marks omitted). However, a "court need not grant leave to amend where the amendment . . . is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Notably, Plaintiff has already twice amended the complaint, with the latest amendment being made after Plaintiff reviewed the screening order. And despite the instruction in the screening order, the second amended complaint repeats the deficiencies from the initial complaint, most notably, the failure to establish subject-matter jurisdiction. Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, without prejudice and without leave to amend, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and lack of subject-matter

---

[3] The Court recognizes that the address that Plaintiff previously provided (as Plaintiff's address) is in California. (ECF No. 1, p. 1).

1  jurisdiction.

2    2. Plaintiff's second IFP application be denied as unnecessary because Plaintiff has
3  already been granted leave to proceed IFP. (ECF No. 8).

4    3. The Clerk of Court be directed to close this case.

5   These findings and recommendations are submitted to the United States district judge
6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)
7  days after being served with these findings and recommendations, Plaintiff may file written
8  objections with the Court. Such a document should be captioned "Objections to Magistrate
9  Judge's Findings and Recommendations." Objections shall not exceed fifteen (15) pages,
10 including exhibits. Plaintiff is advised that failure to file objections within the specified time may
11 result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir.
12 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

 Dated: **July 29, 2025**    /s/ *Erica P. Grosjean*
             UNITED STATES MAGISTRATE JUDGE